FILED

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER GRINDLING, | No. 09-15512 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00694-DAE-BMK |
| v. | |
| ROY HIRAYAMA, Sgt.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Christopher Grindling, a Hawaii state prisoner, appeals pro se from the

district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

LA/Research

action alleging constitutional violations in connection with his pre-trial detention. We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on the claims against the County because Grindling failed to raise a genuine issue of material fact as to whether his constitutional rights were violated pursuant to a policy, practice, or custom of the County.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The district court properly granted summary judgment on the claims against the officers because Grindling failed to raise a genuine issue of material fact as to whether the deputies used excessive force to restrain him.  *See Gibson*, 290 F.3d at 1197-98 (outlining Fourth Amendment's reasonableness test as applied to pre-trial detainee's excessive force claims).

The district court did not abuse its discretion by denying Grindling's requests for appointment of counsel because Grindling failed to demonstrate exceptional circumstances warranting appointment of counsel.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review).

**AFFIRMED**.